UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STATE OF MISSOURI,            )
                             )
         Plaintiff,           )
                             )
    v.                        )          No. 4:18-cv-1524-RLW
                             )
FARRELL CROSS,                )
                             )
         Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon Farrell Cross's "petition for Federal Removal and to Recuse the United States District Court Eastern District of Missouri Requesting Restraining Orders, Preliminary and Permanent Injunctions," and his accompanying motion for leave to proceed *in forma pauperis*.

### Background

Cross is a state prisoner incarcerated at the Jefferson City Correctional Center. On May 22, 2014, a jury convicted him of murder in the first degree. *State of Missouri v. Cross*, No. 12SF-CR00126 (24th Jud. Cir. Jan. 26, 2012). On September 5, 2014, he was sentenced to life imprisonment without parole. Cross appealed. On May 3, 2016, the Missouri Court of Appeals affirmed his conviction and sentence, and on September 22, 2016 it issued its mandate. *State of Missouri v. Cross*, 497 S.W.3d 271 (E.D. Mo. 2016).

On December 20, 2016, Cross filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. *Cross v. State of Missouri*, No. 16SF-CC00232 (24th Jud. Cir. Dec. 20, 2016). On April 6, 2018 his motion was denied, and on May 16, 2018, Cross filed a notice of appeal. As of the date of this Memorandum and Order, that appeal remains pending

in the Missouri Court of Appeals for the Eastern District of Missouri. *Cross v. State of Missouri*, No. ED 106716 (Mo. Ct. App. May 17, 2018).

On July 10, 2018, Cross filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court. *See Cross v. Ramey*, No. 4:18-cv-1135-PLC (E.D. Mo. 2018). He also filed a motion to recuse all of the judges of this Court on the grounds that a federal prosecutor was involved in his state court criminal proceedings. Cross was directed to show cause why his petition should not be dismissed due to his failure to exhaust his state court remedies. After he failed to adequately show cause, the Court dismissed his petition, without prejudice. Cross filed a notice of appeal that, as of the date of this Memorandum and Order, remains pending.

In the instant petition, Cross states he seeks to remove to this Court "any and all criminal, civil, appeals cases involving this case." (Docket No. 1 at 1). In support, Cross claims that an assistant United States Attorney used his office and supplies and powers to get himself assigned as a special prosecutor and charge Cross in state court. Cross complains that the attorney framed him, and engaged in various forms of misconduct during Cross's state court criminal proceedings. He challenges the state court's jurisdiction, he alleges various forms of misconduct on the part of the judge, the state attorney general, and the public defender, and he characterizes his criminal trial as a "farse sham." *Id.* at 3. He "prays that all his case be removed into the federal court being the state court lacked jurisdiction and Stevens falsified all the court records to cover his trail. Also because this is the most corrupt case in the history and that is clear . . ." *Id.* at 6. He also asks that the "United States Court Appeals for the 8th Circuit be requested to transfer judge from another state to this case." *Id.*

2

After filing the instant petition, Cross filed a "Motion for Stay Pending Jurisdictional Hearing," a "Motion for Writ of Habeas Corpus ad Testificandum," another motion seeking a stay, and a "Motion to Recuse Entire Court Affidavit." (Docket Nos. 4-7).

## Discussion

Federal courts are courts of limited jurisdiction, and their power to adjudicate is limited to that granted by Congress. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Cross does not cite, nor is the Court aware, of any federal statute allowing for the removal of any case to which Cross can be understood to refer. To the extent Cross can be understood to seek to remove his state court criminal case or the direct appeal thereof, the petition is subject to dismissal. The law allows for the removal of a state criminal prosecution. 28 U.S.C. § 1443(1). Here, both Cross's criminal case and his direct appeal have been adjudicated. Therefore, neither of these cases can be considered a state criminal prosecution. Even if Cross were seeking removal of a state criminal prosecution, he would fail to satisfy either prong of the test required for removal under § 1443(1). *See Johnson v. Mississippi,* 421 U.S. 213, 219-20 (1975), *Georgia v. Rachel*, 384 U.S. 780, 792, 803 (1966). Nor can Cross remove any of his post-conviction proceedings. The law allows a defendant, or defendants, to remove a civil action brought in state court to the district court where the action is pending. 28 U.S.C. § 1441(a). No defendant has sought removal of Cross's post-conviction proceedings. Cross was, and is, the plaintiff in those proceedings. The fact that he was once the defendant in his criminal case does not make him a defendant for purposes of state post-conviction relief and removal.

3

For the foregoing reasons, to the extent Cross seeks the removal of his adjudicated state criminal case or direct appeal, or his adjudicated post-conviction case, this case will be dismissed for lack of subject matter jurisdiction. To the extent he seeks the removal of his pending post-conviction appellate case, this matter will be remanded to the Missouri Court of Appeals. The Court will deny as moot both of Cross's motions seeking a stay, and his "Motion for Writ of Habeas Corpus ad Testificandum." The Court will deny Cross's "Motion to Recuse Entire Court Affidavit," as it is based upon frivolous and improperly-based suggestions. *See Maier v. Orr,* 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted) (frivolous and improperly-based suggestions that a judge recuse should be firmly declined).

Accordingly,

**IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that that the institution having custody of Farrell Cross shall, whenever the amount in his prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that to the extent Cross seeks the removal of his state criminal case, the direct appeal thereof, and/or his adjudicated post-conviction case, this case is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that to the extent Cross seeks the removal of his pending post-conviction appellate proceedings, this case is **REMANDED** to the Missouri Court of Appeals. A separate order of remand will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that both of Cross's motions seeking a stay of this action (Docket Nos. 4 and 6), and his "Motion for Writ of Habeas Corpus ad Testificandum" (Docket No. 5) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Cross's "Motion to Recuse Entire Court Affidavit" (Docket No. 7) is **DENIED.**

Dated this _____ day of October, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE